**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**JAVIC J. MAYHUE,**

Plaintiff,

v.

**CAMPBELL SOUP SUPPLY COMPANY LLC,**

Defendant.

CASE NO. 3:26 CV 1598

JUDGE JAMES R. KNEPP II

**ORDER DENYING MOTION AND DISMISSING CASE**

Plaintiff Javic J. Mayhue, proceeding without counsel, has filed a civil complaint in this case alleging claims for employment discrimination against Campbell Soup Supply Company, LLC. (Doc. 1). He did not pay the filing fee, but instead, filed an application to proceed *in forma pauperis*. (Doc. 2).

In Federal Court, 28 U.S.C. § 1915, governs *in forma pauperis* applications. Under this statute, a federal court "*may* authorize the commencement, prosecution, or defense of any suit, action or proceeding" without payment of fees if the litigant submits an affidavit that includes a statement of all assets, debts, and expenses that demonstrates the litigant is unable to pay the fee. 28 U.S.C. § 1915(a)(1) (emphasis added). "[P]auper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs*., 21 F. App'x 239, 240 (6th Cir. 2001). Rather, "the question is whether the court costs can be paid without undue hardship." *Id*. Determination of what constitutes undue hardship is left to the discretion of the Court. *See id.*

Courts have determined that pauper status is available only to litigants who demonstrate in their affidavit that the one-time payment of the Court's filing fee will render the litigant "unable to provide" for himself and his dependents. *Maddox v. Foley*, 2023 WL 3852943, at *2

(S.D. Ohio). Thus, *in forma pauperis* status "is usually reserved either for indigent prisoners or for persons who subsist on small fixed-income payments such as social security, unemployment compensation, or public assistance and who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee." *Bush v. Ohio Dep't of Rehab. & Corr.*, 2007 WL 4365381, at *1 (S.D. Ohio. Proceeding *in forma pauperis* is not available for a litigant who seeks a waiver of the filing fee on the basis he would have to make adjustments in his monthly budget to pay the fee. *See Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466, at *2 (E.D. Mich.) (a person is not a pauper where he is in the "position of having to weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims"), *report and recommendation adopted*, 2012 WL 5457383.

Here, Plaintiff's application reflects a monthly income of $4,200.00 and $544.00 in resources in a bank account. *See* Doc. 2, at 2. The Court does not find that, with these resources, he is unable to pay the filing fee in this case without undue hardship. *See, e.g., Foster*, 21 F. App'x at 240. Rather, the Court finds this is a case where Plaintiff is in the "position of having to weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims." *Behmlander*, 2012 WL 5457466, at *2.

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's application to proceed *in forma pauperis* (Doc. 2) be, and the same hereby is DENIED and this case is dismissed; and it is

FURTHER ORDERED that Plaintiff may reopen the case within thirty (30) days of the date of this Order by paying the full filing fee of $405.00 and filing a Motion to Reopen. The

Court will not accept additional documents for filing in this case, including a Motion to Reopen, unless the filing fee is first paid in the time period set forth in this Order; and it is

FURTHER CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: October 16, 2026